## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEALTHCARE SERVICES GROUP, INC., <br> 3220 Tillman Drive, Suite 300 <br> Bensalem, PA 19020, <br><br> *Plaintiff*, <br><br> v. <br><br> JORGE SANTIAGO <br> 40 Cochituate Road <br> Apt. 37 <br> Framingham, MA 01701, <br><br> MILCIADES MORETA <br> 54 Central Street <br> Haverhill, MA 01832, <br><br> - and - <br><br> SERENE HEALTH SERVICES LLC, <br> 150 Blue Ridge Drive <br> Waterbury, CT 06704, <br><br> *Defendants*. | C.A. No._____ <br><br> **NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Jorge Santiago, Milciades Moreta, and Serene Health Services LLC, by and through their undersigned counsel, hereby respectfully file and serve this Notice of Removal to remove this civil action from the Court of Common Pleas for Bucks County, Pennsylvania to this Court based upon the following:

### NATURE OF THE ACTION

1. On or about May 16, 2019, Plaintiff Healthcare Services Group, Inc. filed a Verified Complaint (the "Complaint") in the Court of Common Pleas for Bucks County, Pennsylvania, against Defendants Jorge Santiago ("Santiago"), Milciades Moreta ("Moreta"), and Serene Health Services LLC ("Serene"; "Defendants"), which matter was styled *Healthcare*

12350731

*Services Group, Inc. v. Jorge Santiago, Milciades Moreta, and Serene Health Services LLC*, Docket No. 2019-03678 (the "State Court Action"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

## THE NOTICE OF REMOVAL IS TIMELY

2. The Complaint and Notice to Defend were served upon Defendants on May 16, 2019.

3. Defendants have not answered or otherwise responded to the Complaint.

4. This Notice of Removal is timely filed with this Court within thirty (30) days after service of the Complaint and Notice to Defend on Defendants. *See* 28 U.S.C. § 1446(b)(1).

5. The following process, pleadings, motions, and other documents filed in the State Court Action are attached hereto:

- Complaint (**Exhibit A**);
- Civil Cover Sheet (**Exhibit B**);
- Notice to Defend (**Exhibit C**);
- Plaintiff's Emergency Motion for Preliminary Injunction and for Expedited Discovery with proposed Orders in blank, Plaintiff's Memorandum of Law in Support of its Emergency Motion for Preliminary Injunction and for Expedited Discovery, and the associated Certificate of Service (**Exhibit D**) and
- Request for Normal Disposition of Emergency Motion for Preliminary Injunction and the associated Certificate of Service (**Exhibit E**).

6. No other process, pleadings, motions, and other documents filed in the State Court Action have been served upon Defendants.

## BASIS OF REMOVAL

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

8. As alleged in the Complaint, Plaintiff is a Pennsylvania corporation with its principal place of business in Bensalem, Pennsylvania. *See* Compl. ¶ 1.

9. Defendant Santiago is a citizen and resident of Massachusetts, residing at 40 Cochituate Road, Apt. 37, Framingham, MA 01701. *See* Compl. ¶ 3.

10. Defendant Moreta is a citizen and resident of Massachusetts, residing at 154 Central Street, Haverhill, MA 01832. *See* Compl. ¶ 4.

11. Defendant Serene is a limited liability company, maintaining its principal place of business at 150 Blue Ridge Drive, Waterbury, CT 06704. *See* Compl. ¶ 5.

12. Defendant Serene has four members: Aaron Beller, Avraham Berger, Housekeeping Company LLC, and New Life Health Services, LLC.

13. Aaron Beller is an individual citizen and a resident of Connecticut.

14. Avraham Berger is an individual citizen and a resident of Connecticut.

15. Housekeeping Company LLC is a New York limited liability company, comprised of one member who is an individual citizen and a resident of New York.

16. New Life Health Services, LLC is a New Jersey limited liability company, comprised of two members, who are individual citizens and residents of New Jersey and Connecticut.

17. Defendants Santiago, Moreta, and Serene are the only defendants named in the State Court Action.

18. The amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff seeks money damages as its remedy for Count I (breach of contract), Count II (breach of contract), and Count III (tortious interference with contractual relations). Specifically, Plaintiff seeks damages against Defendants in an amount of not less than $50,000.00 against *each* of

Santiago, Moreta, and Serene. *See* Compl. at "Wherefore" clauses in Counts I, II, and III. Specifically, Plaintiff alleges that due to the breach of contract by Santiago and Moreta, Plaintiff "has sustained, and will continue to sustain, substantial damages, including but not limited to, lost profits, benefits, and other actual damages." Compl. at ¶¶ 47, 57. In addition, Plaintiff alleges that due to Serene's tortious interference with contractual relations, Plaintiff "has suffered and will continue to suffer damages in the nature of lost profits, business, business opportunities, reputation and diminution of its value . . . ." Compl. at ¶ 61. Defendants submit that Plaintiff has pled that Counts I-III, independently, are each over $75,000 damages.

19. The amount in controversy for Plaintiff's request for injunctive relief also exceeds $75,000, exclusive of interest and costs. "Where the plaintiff in a diversity action seeks injunctive or declaratory relief, the amount in controversy is often not readily determinable. Under those circumstances, the amount in controversy is determined by 'the value of the object of the litigation.'" *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d Cir. 1995) (citation omitted). Courts are instructed to make this determination from the plaintiff's point of view. *See Whitemak Assocs. v. OCB Rest. Co., LLC*, No. 12-4338, 2013 U.S. Dist. LEXIS 27411, at *3 (E.D. Pa. Feb. 28, 2013).

20. The value of the injunctive relief alone is over $75,000 from Plaintiff's point of view. In its claim for injunctive relief, Plaintiff alleges, among other things, loss of business relationships and business reputation, present and future economic loss, and loss of goodwill and attendant loss of unknown amounts of future business. *See* Compl. at ¶ 69.

21. Alternatively, Plaintiff's claims may be considered in the aggregate to meet the amount in controversy threshold. Plaintiff alleges a joint harm caused by the conduct of Defendants. Plaintiff alleged that Serene tortiously interfered with the employment agreements

4

of Santiago and Moreta and filed a request for injunctive relief against all Defendants, alleging that "Defendants' conduct as set forth above [Counts I-III] has caused and is causing irreparable harm . . .". Compl. ¶ 63. Plaintiff's Complaint indicates the claims against Defendants are integrated and, therefore, may be aggregated for the purpose of calculating the amount in controversy required for federal jurisdiction. *Hayfield v. Home Depot U.S.A., Inc.*, 168 F. Supp.2d 436, 447 n.10 (E.D. Pa. 2001) (finding aggregation was appropriate where the harm alleged by Plaintiff was a product of combined behavior between defendants resulting in an indivisible injury). Plaintiff's claims may be considered in the aggregate because all four counts of the Complaint are integrated and allege an indivisible injury via the combined conduct of Defendants.

22. Accordingly, Defendants are entitled to remove the State Court Action pursuant to 28 U.S.C. § 1446, because diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332.

**OTHER REMOVABILITY REQUIREMENTS**

23. Promptly after the filing of this Notice of Removal, Defendants will provide notice of the removal to Plaintiff through its attorney of record in the State Court Action and to the Clerk of the Court in the State Court Action, as required by 28 U.S.C. § 1446(d).

24. Defendants reserve the right to amend or supplement this Notice of Removal.

25. Defendants reserve all defenses including, but not limited to, those defenses based on lack of personal jurisdiction and improper venue, and the filing of this Notice of Removal is subject to, and without waiver of, any such defenses. *See, e.g., Rivera v. Bally's Park Place, Inc.*, 798 F.Supp.2d 611, 615-16 (E.D. Pa. 2011); *Harrison v. L.P. Rock Corp.*, Civ. Act. No.: 99-CV-5886, 2000 U.S. Dist. LEXIS 247, at *2 n.1 (E.D. Pa. Jan. 6, 2000) ("Removal to federal

court does not constitute waiver to object to this court's venue or exercise of personal jurisdiction. Rather, this court, after removal, takes up the case where the state court procedurally left off, and can address procedural issues, such as venue and jurisdiction.").

26. WHEREFORE, Defendants respectfully request that the United States District Court for the Eastern District of Pennsylvania assume jurisdiction over this action.

Respectfully submitted,

Dated: May 23, 2019

BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP

By: _____
Michael J. Barrie (Pa. Bar No. 85625)
John C. Gentile (Pa. Bar No. 322159)
One Liberty Place
1650 Market Street, 36th Floor
Philadelphia, PA 19103-7301
Telephone: (267)-207-2947
Facsimile: (267)-207-2949
mbarrie@beneschlaw.com
jgentile@beneschlaw.com

- and -

Joseph N. Gross (pro hac vice to be filed)
Daniel J. Cianchetta (pro hac vice to be filed)
200 Public Square, Suite 2300
Cleveland, OH 44114
Telephone: (216) 363-4500
Facsimile: (216) 363.4588
jgross@beneschlaw.com
dcianchetta@beneschlaw.com

*Attorneys for Defendants*
*Jorge Santiago, Milciades Moreta,*
*and Serene Health Services LLC*